## HORACE WELLS V. THE STATE.

No. 15440. Delivered December 14, 1932.
Reported in 55 S. W. (2d) 96.

The opinion states the case.

*S. F. Rose,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, three years in the penitentiary.

A freight house was broken open and sixteen cases of cigarettes taken therefrom. A witness testified for the state that about nine o'clock that night appellant came to him inquiring about where he could get a truck, saying that he wanted to use same in hauling citrus fruit from the valley. This witness also testified that about two o'clock that night appellant again came to his house and told him he wanted to borrow witness' truck to haul some cigarettes. He told witness he had about twelve cases of cigarettes. Witness lent appellant his truck. Next morning about seven o'clock he saw appellant who told him that he had moved the cigarettes, and that he wanted to sell them at $35 a case. Witness appears to have said that he might sell some of them for appellant. The Sunday following the burglary this witness in company with two other men who seemed to have had some connection with the cigarettes, went to Lubbock and there saw appellant who, upon inquiry, stated

that the cigarettes could be found on Amarillo Creek at a point described.

Appellant excepted to the failure of the court to instruct the jury that this witness was an accomplice; also excepted to the charge for its failure to submit to the jury the issue as to whether such witness was an accomplice. In failing to submit said issue to the jury we believe the learned trial judge fell into error. To say the least, the circumstance of appellant going to this witness at nine o'clock inquiring about a truck for use in hauling citrus fruit, and his return to the same witness at 2 a. m. and borrowing a truck for the purpose of hauling twelve cases of cigarettes from out in the country, and that the witness actually loaned the truck for that purpose, and later suggested that he might assist in the sale of the cigarettes, and that he was several times in company with other parties who seemed to be engaged in the cigarette transaction in a way not developed in this case,—might have been deemed sufficient by the jury to justify a conclusion that said witness had furnished transportation or aid to the appellant in committing the offense.

The sufficiency of the evidence is vigorously assailed. In view of the fact that we think the case must be reversed for the error just discussed, we omit extended discussion on the point last mentioned. We might observe that there appears very little in the case to connect appellant with the cigarettes which were found by the officers. Of the two men in whose possession they were found, it might be said that one of them refused to testify on the ground that he might incriminate himself, and the other affirmed positively that he did not get those cigarettes from appellant. The state may be able to strengthen its case upon another trial.

For the error complained of, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*